1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TAYLOR MARIE MORGAN,

　　　　　　　Plaintiff,

v.

FOR A NEW SOCIAL SECURITY
NUMBER,
　　　　　　　Defendants.

3:18-cv-00327-MMD-CBC

**REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE**

11 　　Before the Court is Plaintiff's application to proceed *in forma pauperis* (ECF No. 1)

12 and her *pro se* complaint (ECF No. 1-1).[1] Having thoroughly reviewed the record, the

13 Court recommends that the application to proceed *in forma pauperis* be granted.

14 Furthermore, the Court recommends that the complaint be dismissed with prejudice and

15 without leave to amend for the reasons stated below.

16 **I.　　*IN FORMA PAUPERIS* APPLICATION**

17 　　Based on the financial information provided with Plaintiff's application to proceed

18 *in forma pauperis*, the Court finds that Plaintiff is unable to pay the filing fee in this

19 matter. (ECF No. 1). Accordingly, the Court grants Plaintiff's application to proceed *in*

20 *forma pauperis*.

21 **II.　　LEGAL STANDARDS**

22 　　　　A.　　Standards for Screening Pursuant to Rule 12(b)(6)

23 　　Upon granting a request to proceed *in forma pauperis*, a court must additionally

24 screen a complaint pursuant to 28 U.S.C. §1915. Specifically, federal courts are given

25 the authority to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a

26

27

28

---

[1]　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1    claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant

2    who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a

3    complaint for failure to state a claim upon which relief may be granted is provided for in

4    Federal Rule of Civil Procedure 12(b)(6), and this Court applies the same standard

5    under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended

6    complaint. *See Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011).   When the

7    Court reviews a complaint under this standard, it accepts as true all the plaintiff's

8    allegations and construes the complaint in the light most favorable to the plaintiff. *Chubb*

9    *Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).   The

10   Court takes particular care when reviewing the pleadings of a *pro se* party.   In this

11   instance, a more forgiving standard applies to litigants not represented by counsel.

12   *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).   This Court is to "construe *pro se*

13   filings liberally . . . and to 'afford the petitioner the benefit of any doubt.'" *Id.*

14   Although the standard is broad, it is not limitless.   Despite the leniency afforded to

15   *pro se* plaintiffs, the Court need not accept as true conclusory allegations, unwarranted

16   deductions, or unreasonable inferences. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969,

17   973 (9th Cir. 2004).   Further, the complaint must contain more than a "formulaic

18   recitation of the elements of a cause of action;" it must contain factual allegations

19   sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

20   *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).    Stated

21   differently, the complaint must allege sufficient facts to state a claim "that is plausible on

22   its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)

23   (citing *Twombly*, 550 U.S. at 555).

24   B.    Legal Standards Under Rule 12(1)(a)

25   Aside from the above, "federal courts are courts of limited jurisdiction. They

26   possess only that power authorized by Constitution and statute ...." *Kokkonen v.*

27   *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391,

28   (1994) (internal citations omitted). Rule 12(b)(1) allows for dismissal of an action where

2

1  federal subject matter jurisdiction is lacking. "When subject matter jurisdiction is
2  challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of
3  proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better*
4  *Env't*, 236 F.3d 495, 499 (9th Cir.2001).

5      Dismissal for lack of jurisdiction may be determined "either on the face of the
6  pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*,
7  328 F.3d 1136, 1139 (9th Cir.2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th
8  Cir.2000)). When jurisdiction is facially attacked, a plaintiff is entitled to safeguards
9  similar to those applicable when a Rule 12(b)(6) motion is made. *See Sea Vessel Inc. v.*
10 *Reyes*, 23 F.3d 345, 347 (11th Cir.1994); *Osborn v. United States*, 918 F.2d 724, 729 n.
11 6 (8th Cir.1990). The factual allegations of the complaint are presumed to be true, and
12 the motion is granted only if the plaintiff fails to allege an element necessary for subject
13 matter jurisdiction. *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036,
14 1039 n. 1 (9th Cir.2003); *Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir.2001).

15 **III.    DISCUSSION**

16     The Court takes the facts from Plaintiff's complaint as true and has discerned the
17 substance of the complaint as best as it can.  Plaintiff has not named any defendants in
18 the complaint.  Rather, Plaintiff appears to be requesting *the court* to issue Plaintiff a
19 new social security number or to issue an order directing the Social Security
20 Administration to issue a new social security number to Plaintiff. (ECF No. 1-1.) Plaintiff
21 seeks a new social security number in order to begin a new life after escaping an
22 abusive situation. (*Id.*)  However, Plaintiff's complaint does not state or indicate whether
23 she applied for a new social security card or a replacement social security card. Nor are
24 there any allegations that the Social Security Administration has refused to issue a new
25 card or a replacement card or has taken any action to prevent her from doing so. To the
26 contrary, Plaintiff's complaint expressly states that the social security administration is
27 "helping her" with this issue, but she was told to seek a court order.

28

3

1    However, under the facts stated in the complaint, the court does not have
2    jurisdiction or authority to grant the relief requested by Plaintiff's complaint. The
3    Administrative Procedures Act permits a court to "compel agency action unlawfully
4    withheld or unreasonably delayed." 5 U.S.C. § 706(1). The Act only empowers a court to
5    compel a federal agency "to perform a ministerial or non-discretionary act," or "to take
6    action upon a matter, without directing how it shall act." *Norton v. S. Utah Wilderness*
7    *Alliance*, 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004). But the act does not
8    supersede statutory limitations on jurisdiction. *Clark v. United States*, 462 Fed. Appx.
9    719, 721 (9th Cir.2011) (citing 5 U.S.C. § 702).

10    Here, the court lacks jurisdiction to grant the relief requested as Plaintiff lacks
11    standing to bring the present action. There are three requirements that must be met for a
12    plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact"—an
13    invasion of a legally protected interest which is both concrete and particularized and
14    actual or imminent; (2) there must be a causal connection between the injury and the
15    conduct complained of; and, (3) it must be likely that the injury will be redressed by a
16    favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct.
17    2130, 119 L.Ed.2d 351 (1992); *Wash. Legal Found. v. Legal Found. of Wash.*, 271 F.3d
18    835, 847 (9th Cir.2001) (en banc).

19    Plaintiff has not alleged any injury in fact, whether actual or imminent. The facts
20    as stated in the complaint do not state Plaintiff applied for a new social security number
21    or a new social security card. Moreover, there are no facts that she was denied any relief
22    that she has requested. To the contrary, Plaintiff expressly states that the Social Security
23    Administration is "helping" her at this this time. (ECF No. 1-1). Therefore, at present,
24    Plaintiff has not suffered any injury in fact from the denial or refusal of the Social Security
25    Administration to provide her with a new social security number or social security card
26    and thus she lacks standing. As Plaintiff does not have standing to bring the current
27    action, this court lacks jurisdiction and cannot provide the relief requested. *Nat'l Wildlife*
28    *Fed'n v. Adams*, 629 F.2d 587, 593 n. 11 (9th Cir.1980) ("[B]efore reaching a decision on

4

the merits, we [are required to] address the standing issue to determine if we have jurisdiction.").

Therefore, the Court recommends that the complaint be dismissed with prejudice due to a lack of jurisdiction.[2]

## IV.    CONCLUSION

The Court lacks jurisdiction to consider this complaint and therefore the complaint should be dismissed with prejudice and without leave to amend.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

///

///

///

///

///

///

///

///

---

[2]    The Court directs Plaintiff to Social Security Administration ("SSA") Publication No. 05-10093, which lays out the requirements for applying for a new social security number.  Additionally, the Court directs Plaintiff to SSA § RM 00205.058 which specifically details the process as it pertains to those who have been harassed, abused, or whose life is endangered.  U.S. Social Security Administration § RM 00205.058.

1  V.    RECOMMENDATION

2          **IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in*

3  *forma pauperis* (ECF No. 1) be **GRANTED**.  This order granting *in forma pauperis* status

4  shall not extend to the issuance of subpoenas at government expense.

5          **IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint (ECF No. 1-1) be

6  **DISMISSED WITH PREJUDICE, WITHOUT LEAVE TO AMEND**

7          **IT IS FURTHER RECOMMENDED** that the Clerk close this case.

8  **DATED**: February 22, 2019.

9

10                                                    UNITED STATES MAGISTRATE JUDGE